U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAR 1 9 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                           PLAINTIFF

v.                        Civil No. 4:10-cv-0 4032

SHERIFF RON STOVAL, Miller
County, Arkansas; and BRENT HALSTROM,
Chief Prosecuting Attorney, Miller County                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

### Background

According to the allegations of the complaint, on October 10, 2009, Plaintiff was arrested on a charge of rape. The victim is his daughter.

Plaintiff maintains he is being maliciously prosecuted for this crime by Brent Halstom, the prosecuting attorney. Plaintiff asserts the entire case against him is fabricated. He asserts that the nurse had found nothing conclusive in the rape kit. He maintains he is innocent of the charged crime. Plaintiff also maintains Sheriff Ron Stovall is detaining him illegally at the Miller County Detention Center.

As relief, Plaintiff asks that the criminal case against him be dismissed. He also requests

compensatory damages in the amount of $1,000 per day for illegal detainment.

### Discussion

The Plaintiff is an inmate of the Miller County Detention Center. Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.). *See also* 28 U.S.C. § 1915(e)(2)(B).

In his affidavit, Plaintiff indicates he has no cash, checking, or savings account. The records from the Miller County Detention Center show his monthly balance averaged about fifty dollars and his average monthly deposits are fifty dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or seek relief against a party immune from suit. First, the claims against Sheriff Stovall are subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, §

> 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Plaintiff does not deny that proper procedures were used to arrest him or that the criminal charge is currently pending against him. Rather, he merely claims he is innocent of the charge and therefore should not be held in jail. I conclude Plaintiff has stated no claim that his rights under the Due Process Clause have been violated.

Second, the "Constitution does not mention malicious prosecution nor do[es Williams] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Third, the claims against Brent Halstrom are subject to dismissal. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128

(1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Brent Halstrom is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

## Conclusion

I therefore recommend Plaintiff's claims be dismissed because they are frivolous, fail to state claims upon which relief may be granted or are against an individual who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(IFP action, or any portion thereof, may be dismissed if it fails to state a claim or seeks relief against a party who is immune from suit). The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g). The clerk should be directed to place a § 1915(g) strike flag on this case. Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 19th day of March 2010.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 1 9 2010

CHRIS R. JOHNSON, CLERK

BY               DEPUTY CLERK